**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**REGENA MARIE TAYLOR,**

                    **Plaintiff,**                  **6:11-cv-588**
                                                                           **(GLS)**

                         **v.**

**MICHAEL J. ASTRUE,**
Commissioner Social Security
Administration,

                    **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Legal Services of Central New York | CHRISTOPHER CADIN, ESQ. |
| 472 South Salina Street | |
| Suite 300 | |
| Syracuse, NY 13202 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | ANDREEA L. LECHLEITNER |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Mary Ann Sloan | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe**
**Chief Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff Regena Marie Taylor challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3).  (*See* Compl., Dkt. No. 1.)  After reviewing the administrative record and carefully considering Taylor's arguments, the court reverses and remands the Commissioner's decision.

## II. Background

On May 31, 2007, Taylor filed applications for DIB and SSI under the Social Security Act ("the Act"), alleging disability since April 6, 2006.  (*See* Tr.[1] at 145-50.)  After her application was denied, (*see id.* at 66-71), Taylor requested a hearing before an Administrative Law Judge (ALJ).  (*See id.* at 72-74.)  Two hearings were eventually held; the first, on September 21, 2009, and the second, on April 21, 2010.  (*See id.* at 26-39, 40-62.)  On April 30, 2010, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social

---

[1] Page references preceded by "Tr." are to the Administrative Transcript.  (*See* Dkt. No. 9.)

2

Security Administration Appeals Council's denial of review. (*See id.* at 1-18, 19-24.)

Taylor commenced the present action by filing a complaint on May 26, 2011 wherein she sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 7, 9.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 12, 13.)

### III.  Contentions

Taylor contends that the Commissioner's decision is tainted by errors of law and is not supported by substantial evidence. (*See* Dkt. No. 12 at 12-24.) Specifically, Taylor claims that the ALJ: (1) improperly evaluated the medical evidence; (2) rendered an inaccurate severity determination; (3) erred in determining her residual functional capacity (RFC); and (4) improperly assessed her credibility. (*See id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence. (*See* Dkt. No. 13 at 6-21.)

### IV.  Facts

The court adopts the parties' undisputed factual recitations. (*See id.* at 1-2; Dkt. No. 12 at 1-9.)

3

## V.  Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here.  For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI.  Discussion

Among other arguments, Taylor contends that the ALJ committed reversible error at step two by only superficially evaluating the severity of her mental impairments and failing to consider whether her left wrist impairment was severe.  (*See* Dkt. No. 12 at 15-19.)  The court agrees.[2]

When an ALJ evaluates the severity of a claimant's mental impairments, he is required to follow the "special technique," which necessitates his consideration of "four broad functional areas" that include:

---

[2] While the Commissioner offers several reasons why the severity finding was not infirm, given the fact that the court "'may not properly affirm an administrative action on grounds different than those considered by the agency,'" *Booker v. Astrue*, No. 1:07-cv-646, 2011 WL 3735808, at *5 (N.D.N.Y. Aug. 24, 2011) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)), none of them are persuasive inasmuch as they were not articulated by the ALJ in his determination.

4

"[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. §§ 404.1520a, 416.921a. The ALJ "must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)" in his written decision. *Id.* §§ 404.1520a(e)(4), 416.920a(e)(4).

Here, the ALJ merely paid lip service to the special technique in analyzing the severity of Taylor's mental impairment. While he made generic findings as to each of the four broad functional areas, (*see* Tr. at 7), the ALJ failed to provide details in support of those findings, either in his severity analysis or elsewhere in his decision. The ALJ's error in this regard requires remand inasmuch as the court cannot meaningfully review the determination. *See Kohler v. Astrue*, 546 F.3d 260, 267-69 (2d Cir. 2008).

The absence of any discussion as to the severity of Taylor's wrist impairment also requires remand. In rendering a severity determination, "[t]he ALJ must 'consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered

5

separately, would be of sufficient severity.'" *Thompson v. Astrue*, 416 F. App'x 96, 97 (2d Cir. 2012) (quoting 20 C.F.R. §§ 404.1523, 416.923)). Here, the ALJ failed to mention Taylor's wrist impairment at all in discussing severity and only briefly acknowledged the impairment in summarizing the medical evidence relative to Taylor's RFC. (*See* Tr. at 7, 9-10.) Again, the court's attempt to meaningfully review the ALJ's determination is thwarted, and the decision must be remanded. *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998). Because the errors identified above occurred at step two of the ALJ's analysis, the court is unable to reach Taylor's other contentions, which allege errors at later steps in the disability evaluation.

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 24, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court